IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID E. FRIEND, | ) | |
| | ) | |
| Petitioner, | ) | 4:17CV3156 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT R. FRAKES, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus case where Petitioner challenges his conviction and sentence asserting that his counsel was ineffective. When I progressed this case I observed in a footnote that:

> It appears from the face of the petition that this claim may have been procedurally defaulted. It also appears from the face of the petition that the federal statute of limitations governing habeas corpus cases may have run out prior to the filing of the instant action. However, out of an abundance of caution, I have decided to progress this case.

(Filing no. 5.)

Respondent has filed a motion for summary judgment accompanied by a brief and what Respondent has determined to be the relevant state court records. (Filing no. 10, filing no. 11 and filing no. 12.) Respondent, as I expected, raises the statute of limitations issue and the procedural default issue. I now grant the motion on the statute of limitations issue.[1]

---

[1] I decline to reach the procedural default issue raised by Respondent because the record does not contain sufficient information for me to determine whether the direct appeal raised the specific ineffective assistance of counsel claims asserted here. While it is apparent that a direct appeal brief was filed (filing no. 11-1 at CM/ECF p. 1), I am unable to access that brief using the Nebraska judiciary's SCCALES on-line

Despite having been given one extension of time that was longer than Petitioner requested (filing no. 14, filing no. 15), Petitioner did not file a timely brief. He had until April 11, 2018 to respond but his brief and response were not filed until April 30, 2018.[2] (Filing no. 17, filing no. 18). These documents were mailed on April 24, 2018. (*Id.*) I therefore decline to consider these late filed pleadings. But, having read them carefully, even if I were to consider them, my decision would be the same.

Adopting the facts and legal reasoning of Respondent (filing no. 12 at CM/ECF pp. 1-4) as my own after independent review, it is obvious that the federal statute of limitations, 28 U.S.C. § 2244(d), ran out.[3] Still further, no excuse, statutory, equitable or otherwise, has been asserted or is evident that would allow me to ignore Petitioner's failure to file a timely federal habeas corpus petition. More specifically, Petitioner filed his habeas petition in this case long after the February 10, 2016 deadline. His habeas petition was not filed until November 27, 2017.

---

records system and the records filed by the Respondent do not contain a copy of the brief.

[2] Petitioner asserts that he had until May 11, 2018 to submit his brief. (Filing no. 17 at CM/ECF p. 2 ¶ 8.) That is clearly wrong. My order (filing no. 15) specifically set Petitioner's time for filing a brief as being on or before April 11, 2018. It was Respondent who had until May 11, 2018 to reply. (*Id.*) Indeed, because Petitioner had not responded within the time provided, on April 23, 2018 Respondent gave notice he would not be filing a reply brief. (Filing no. 16.) While pro se habeas petitioners are entitled to be treated liberally, they are not entitled to disregard clear orders of the court setting time frames particularly, where as here, the pro se petitioner was given one extension of time and that extension of time was longer than the pro se petitioner requested.

[3] Similarly, Petitioner's July 31, 2017 motion to vacate filed in state court, considered as a request for post-conviction relief, was denied and dismissed for being time barred by Nebraska's one-year statute of limitations under Neb. Rev. Stat. § 29-3001(4)(a)-(e) (West). (Filing no. 11-4 at CM/ECF pp. 27-28). Petitioner did not appeal. (Filing no. 11-3 at CM/ECF p. 3.)

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the motion for summary judgment (filing no. 10) is granted on the statute of limitations issue. The habeas corpus petition (filing no. 1) is denied and dismissed with prejudice. A separate judgment will be issued. No certificate of appealability has been or will be issued.

DATED this 2nd day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge